UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MARVIN T. ADGER** | **CIVIL ACTION NO. 08-195-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN VENETIA MICHEAL** | **MAGISTRATE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Marvin T. Adger ("Petitioner"), pursuant to 28 U.S.C. Section 2254. This petition was received and filed in this court on February 11, 2008. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court convictions and sentences. He names Warden Venetia Micheal as respondent.

On December 18, 1996, Petitioner pleaded guilty to two counts of attempted armed robbery in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. On April 9, 1997, he was sentenced to 25 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence as to each count. The trial court ordered said sentences to run concurrently.

In support of this petition, Petitioner alleges (1) he was denied his right to allocution and (2) he was not informed of the sentencing consequences of his pleas.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

    4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on December 18, 1996 and sentenced on April 9, 1997. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on December 10, 1997. <u>State v. Adger</u>, 707 So.2d 1000, 30,215 (La. App. 2 Cir. 12/10/97). Petitioner did not seek writs of review in the Supreme Court of Louisiana. Thus, Petitioner's convictions and sentences became final on December 24, 1997, when the delay for applying for a rehearing expired. <u>See</u> La. C.Cr.P. art. 922.

The federal petition currently before the Court was received and filed in this Court on February 11, 2008 and signed by Petitioner on February 4, 2008. Since the federal clock began ticking on December 24, 1997 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before December 24, 1998. This petition was not filed until February 2008 at the earliest, more than nine years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post-conviction relief in the Louisiana Twenty-Sixth Judicial District Court in November 2000. These proceedings continued until the Supreme Court of Louisiana denied writs on March 22, 2002. State ex rel. Adger v. State, (La. 3/22/02), 811 So.2d 936. To toll the federal limitation period, a petitioner's post-conviction application or other collateral review must be filed within the federal one-year period. Petitioner did not file his state post-conviction application until November 2000, which was after the limitation period had already expired in December 1998. Petitioner filed a motion to correct illegal sentence in the Louisiana Twenty-Sixth Judicial District Court in November 2006. These proceedings continued until the Supreme Court of Louisiana denied writs on January 25, 2008. State ex rel. Adger v. State, 973 So.2d 752, 2007-897 (La. 1/25/08). As previously stated, to toll the federal limitation period, a petitioner's post-conviction application or other collateral review must be filed within the federal one-year period. Petitioner did not file his motion to correct illegal sentence until November 2006, which was after the limitation period had already expired in December 1998.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred

by the one-year limitation period imposed by the AEDPA. See <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30th day of April 2008.



MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE